UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRY SHER )<br>)<br>    **Plaintiff** )<br>)<br>vs. )<br>)<br>CLIENT SERVICES, INC. )<br>)<br>    **Defendant** )<br>) | Case Number:<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Terry Sher, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, PC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.    Plaintiff, Terry Sher, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this district.

## III. PARTIES

4. Plaintiff, Terry Sher, (hereafter, Plaintiff) is an adult natural person residing in Upper Chichester, PA. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Client Services, Inc. (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Illinois with a primary address located at 3451 Harry S. Truman Blvd., St. Charles, MO 63301.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. For the last month, Plaintiff has been receiving collection calls from the Defendant on an alleged consumer debt owed on a Citi MasterCard.

8. Defendant is looking to collect in excess of $10,000.00.

9. From the first call, Plaintiff has informed the Defendant that he has no money and cannot make any type of arrangements to pay at this time.

10. Despite telling the Defendant that he could not pay, the Defendant continues to call at least two (2) times per day.

11. Defendant has continually placed phone calls to the Defendant's home, personal cell phone and to his place of business.

12. In early October, 2012, a neighbor of the Plaintiff came to his home to inform him that she received a call from Defendant's agent "Mike Baker", who informed the neighbor, "Susan Constantine", that he was desperately looking to get in contact with the Plaintiff.

13. Agent, "Mike Baker", inquired if the "Mrs. Constantine", had any alternative ways to get in touch with the Plaintiff regarding a past due account.

14. Plaintiff's neighbor was asked to inform the Plaintiff to please contact the Defendant as soon as she saw him.

15. Plaintiff resides in an over fifty-five (55) community, and has no more than an acquaintanceship with "Mrs. Constantine".

16. Defendant had full ability to contact the Plaintiff, and would have no reason to contact anyone else in the Plaintiff's residential community.

17. On or about that same day, the Plaintiff called Defendant and spoke with an agent by the name of "Becky Dowling" demanding to know why his neighbor was called.

18. Plaintiff requested to speak with a supervisor.

19. Plaintiff was transferred to a "Duane Tolen", who assured the Plaintiff that the calls to outside people would not happen again.

20. On or about October 8, 2012, Defendant's agent, "Mike Baker", issued a notice to the Plaintiff looking for a balance of $10,145.98.

21. Defendant offered the Plaintiff the ability to settle the above referenced account for one full payment of $4,566.00.

22. Plaintiff was given twenty (20) days only to accept this offer and make full payment.

23. Defendant continues to call and demand payment multiple times per day to try and collect for payment on this consumer account despite being asked continually to stop calling.

24. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

25. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

26. The Defendant and their agent's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

27. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a consumer debt.

28. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

30. At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31. As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## **COUNT I – FDCPA**

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendant was attempting to collect an alleged consumer debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

   §§ 1692b(2):      Contact of Third Party: Stated that the consumer owes any debt

   §§ 1692c(a)(1):   At any unusual time, unusual place, or unusual time and place known to be inconvenient

| | | |
|---|---|---|
| | §§ 1692c(a)(3): | At place of employment when know the employer prohibits such communication |
| | §§ 1692c(b): | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| | §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| | §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| | §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| | §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| | §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| | §§ 1692f(5): | Caused any charges to be make to the consumer, e.g. call to personal cell phone |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

35. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

36. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

37. The alleged debt Defendant were attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

38. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

39. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

40. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

41. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

42. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

43. The foregoing paragraphs are incorporated herein by reference.

44. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

45. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

46. The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

  c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

  47. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

  48. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

  **WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

  a. An Order declaring that Defendant violated the UTPCPL;

  b. Actual damages;

  c. Treble damages;

  d. An award of reasonable attorney's fees and expenses and cost of suit; and

  e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, PC**

Date: October 30, 2012

BY: */s/ Bruce K. Warren  bkw4066*
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff